**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald Ray DIAZ, Defendant–Appellant.**

No. 06–30029.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2006.

Filed June 22, 2007.

See additional opinion, 491 F.3d 1074.

* This disposition is not appropriate for publication and is not precedent except as provided

Michelle R. Mallard, Office of the U.S. Attorney, Pocatello, ID, Alan G. Burrow, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Nicolas V. Vieth, Esq., Federal Defender's of Eastern Washington & Idaho, Pocatello, ID, for Defendant–Appellant.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM *

Ronald Ray Diaz appeals his conviction

by 9th Cir. R. 36–3.

and sentence. We affirm.[1]

■ Diaz argues that his wife should have been allowed to testify on his behalf. This court reviews a lower court's evidentiary rulings for abuse of discretion. *United States v. Klinger*, 128 F.3d 705, 709 (9th Cir.1997). Diaz appears to allege that the trial court violated the Sixth Amendment by barring Mrs. Diaz from testifying. The court did not do so. Instead, the court instructed Diaz's lawyer to refrain from asking questions that would cause Mrs. Diaz to invoke her Fifth Amendment right against self-incrimination. A criminal defendant has no right to call a witness whom he knows will invoke the Fifth. *Klinger*, 128 F.3d at 709. Here, Diaz's lawyer knew Mrs. Diaz would invoke the Fifth, so the court did not abuse its discretion in barring such questioning.

■ Diaz also argues that the court denied him an evidentiary hearing to determine whether Mrs. Diaz would in fact invoke the Fifth. Ordinarily, a district court must hold a hearing to decide whether a witness will invoke the Fifth. *Klinger*, 128 F.3d at 709. A court can bypass this step, however, based on the attorneys' representations that the witness will invoke the Fifth. *See id.* at 709–10. Since Diaz's lawyer admitted that Mrs. Diaz would invoke the Fifth to most of his questions, no hearing was necessary.

■ Diaz argues that he deserves a reduced sentence under § 5K1.1 of the United States Sentencing Guidelines for his "substantial assistance" to police. Section 5K1.1 lets the government move for a lower sentence if a defendant gives police "substantial assistance in the investigation or prosecution of another person who has

committed an offense." Diaz did not raise the § 5K1.1 issue below, so the standard of review is plain error. *See United States v. Ortiz*, 362 F.3d 1274, 1278 (9th Cir.2004). Since the police found no use for the information Diaz gave them, the district court did not plainly err in refusing to reduce Diaz's sentence.

**AFFIRMED.**

---

1. The facts of this case are discussed in a separate opinion filed along with this memorandum disposition. *See United States v. Diaz*, [cite] (9th Cir.2007).

